IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


GARY DONNELL RICHARDSON                                              PLAINTIFF


        v.                Civil No. 1:10-cv-01015


SHERIFF KEN JONES; CHIEF
CLARK BURTON; LT. BASS;
SGT. JIM SANDERS; and
OFFICER GRIER                                                       DEFENDANTS


## ORDER

Plaintiff Gary Richardson filed this case *pro se* pursuant to 42 U.S.C. § 1983 on March 4, 2010. ECF No. 1. Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this case. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 20. Pursuant to this authority, the Court finds this matter ready for decision and issues this Order.

I.    BACKGROUND

Plaintiff filed his Complaint on March 4, 2010. ECF No. 1. Plaintiff was incarcerated in the Union County Detention Center ("UCDC") during the time in issue in this matter. In his Complaint, Plaintiff alleges (1) he was not given his *Miranda* warnings upon arrest; (2) his home was searched without a warrant; (3) he was subjected to unconstitutional conditions of confinement; (4) excessive force was used against him; (5) UCDC staff made false statements

about him and treated him in a degrading manner; (6) he was not brought before a judge within one hundred and twenty days (120) of his arrest; and (7) he was not given adequate time in the law library. On January 5, 2011, the Court dismissed all of Plaintiff's claims, at the summary judgment stage, except for his claim that he was denied showers and hygiene products for approximately six weeks and his claim that he was subjected to excessive force on October 7, 2009. ECF No. 36.

On March 3, 2011, the Court stayed and administratively terminated this case due to Plaintiff's transfer to the Arkansas State Hospital. ECF No. 38. On May 16, 2011, the Court reopened this matter upon Plaintiff's Motion. ECF No. 42. The Court then set the bench trial in this matter for August 17, 2011. ECF No. 43.

On September 27, 2011, the Court again stayed and administratively terminated this case due to Plaintiff's second transfer to the Arkansas State Hospital. ECF No. 52. On November 15, 2011, the Court reopened this matter upon Plaintiff's Motion. ECF No. 55. The Court then reset the bench trial in this matter for June 7, 2012. ECF No. 56. On May 21, 2012, the Court canceled the trial date to accommodate further discovery in this matter. ECF No. 59.

On May 9, 2013, the Court rescheduled the bench trial in this matter to October 2, 2013. ECF No. 66. In the Final Scheduling Order, the Court directed Plaintiff to submit his list of proposed witness for the trial no later than September 2, 2013. ECF No. 66. On August 19, 2013, the Court sent the parties a letter reminding them of the trial date and their related filing deadlines. Specifically, the Court advised Plaintiff:

> This letter is to remind you that your responses to the Court's Final Scheduling Order (ECF No. 66) are due **no later than September 2, 2013 . . .** Mr. Richardson, because you are proceeding *in forma pauperis* and *pro se*, the Court will issue and serve all writs and subpoenas on your behalf. In order for the Court to issue subpoenas or writs, **you must file your response to the Final Scheduling Order in a timely**

2

> **manner.**

This letter was sent to Plaintiff's address of record and was not returned as undeliverable mail. Plaintiff failed to file his response to the Court's Final Scheduling Order or provide the Court with any witnesses he wished subpoenaed for the upcoming bench trial.

On September 4, 2013, the Court issued an Order to Show Cause directing Plaintiff to show cause why he failed to respond to the Court's Final Scheduling Order and to submit a proposed witness list and other required disclosures to the Court by September 11, 2013. ECF No. 67. This Order was not returned as undeliverable mail. Plaintiff failed to respond.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any*

3

court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

Plaintiff has failed to comply with two Court orders—the Court's May 9, 2013 Final Scheduling Order; and the Court's September 4, 2013 Order to Show Cause. Plaintiff has also failed to prosecute this case. Plaintiff has not communicated with the Court in this matter since July 2012.

Plaintiff provided the Court with his address of record on October 14, 2011 when he was released from the Arkansas State Hospital. ECF No. 53-1. Further, Plaintiff has not provided the Court with any changes of address, and no mail sent to Plaintiff at his address of record has been returned as undeliverable mail. Therefore, the Court presumes Plaintiff has received the Courts Orders and intentionally failed to respond to such Orders.

Accordingly, Plaintiff's Complaint will be dismissed with prejudice for willful disobedience of the Court's Orders and Local Rules and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** with prejudice

on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**IT IS SO ORDERED this 16th day of September 2013.**

/s/ Barry A. Bryant<br>
HON. BARRY A. BRYANT<br>
UNITED STATES MAGISTRATE JUDGE